**SO ORDERED.**

**SIGNED this 14th day of March, 2012.**



Dale L. Somers
United States Bankruptcy Judge

___

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

RICKY GENE KEELE,
CONNIE SUE KEELE,

CASE NO. 11-21383-13
CHAPTER 13

DEBTORS.

# OPINION DENYING FIRST FEDERAL SAVINGS AND LOAN'S REQUEST FOR ADEQUATE PROTECTION PAYMENTS

This matter came before the Court on February 17, 2012, on Creditor First Federal Savings and Loan's response to the Chapter 13 Trustee's objection to its claim. The Creditor appeared by counsel Wesley F. Smith. Trustee W.H. Griffin appeared on his own behalf. The Debtors appeared by counsel Russell B. Cloon. The Court has reviewed the relevant materials and heard the parties' arguments, and is now ready to rule.

**Facts**

In May 2010, the Debtors refinanced a debt of approximately $52,000 they owed to the Creditor that was secured by a 1999 double-wide manufactured home ("Home"). The "Note, Disclosure, and Security Agreement" they signed said they were giving a security interest in the property "being purchased," identified as the Home, but also said all but $50 of the amount they promised to pay the Creditor was going to pay off an existing loan from the Creditor. The Creditor's lien had been perfected by a notation on a certificate of title for the Home that was issued in August 2006. The note's reference to the loan payoff and the date of the notation on the title show the Debtors bought the Home before the 2010 loan was made, so this new financing arrangement did not enable them to buy it. Nothing presented to the Court shows whether the loan that was paid off was a purchase-money loan. The Debtors made the required payments on the refinanced loan for approximately one year.

On May 10, 2011, the Debtors filed a Chapter 13 bankruptcy petition. At that time, the Debtor-husband was receiving unemployment benefits and the Debtor-wife was working. They filed a plan in which they proposed to pay $1,000 per month for 24 months and then $1,500 per month 33 months. They used the form Chapter 13 plan that is suggested for use in this District. In that form, debtors are to specify in ¶ 10(c) any pre-confirmation payments they propose to make on allowed claims secured by personal property that the Trustee should pay as if their plan had been confirmed. These Debtors did not list any proposed payments in ¶ 10(c). Paragraph 10(c) provides that to receive any pre- or post-confirmation payment, the creditor must have a filed and allowed claim,

2

which this Creditor does not yet have.  The Debtors did list the Creditor in ¶ 10(d) as the holder of a general secured claim to whom they proposed to pay the value of their Home, alleged to be $23,000, with a pro rata share of their monthly payments (along with two creditors holding claims secured by motor vehicles).

On May 26, 2011, the Creditor filed a proof of claim.  The claim said the amount owed on the date of filing was $51,562.65.  The space for specifying the amount of any arrearage was left blank.  The Creditor claimed the Home was worth almost $39,000, and attached an NADA appraisal guide value report as support for that value.

On June 7, 2011, the Creditor filed an objection to the Debtors' plan, saying the Home was worth almost $39,000, and asking the Court to determine the Home's value.  The Creditor also said the Debtors would not be able to make all the plan payments or to comply with the plan.

A hearing on confirmation of the Debtors' plan was set for July 14 but, by agreement of the parties, was continued to September 16.  The parties later agreed to continue that hearing to October 20.

On October 20, 2011, the Creditor filed a motion for stay relief, saying the Debtors had missed five payments since filing for bankruptcy and had agreed to surrender the Home.  An agreed order granting the motion was entered the next day.  Neither the motion nor the order said anything about adequate protection for the Creditor's lien.  This order made ¶ 8 of the form plan the controlling paragraph with regard to the now-surrendered Home.  As relevant here, that paragraph provides that for surrendered

3

property, "[t]he trustee shall not make distributions on account of any secured claim in this class." Because the stay relief order had resolved the Creditor's objection to the Debtors' plan, an order confirming the plan was entered on October 31, 2011.

On October 24, 2011, the Trustee filed an objection to the Creditor's claim, noting the stay relief order and asking to have the Creditor's secured claim allowed as $0. The Creditor filed a response, pointing out that the Debtors had proposed to pay it a pro rata share of their monthly plan payments, and it had been paid nothing because its objection had prevented their plan from being confirmed. The Creditor asked the Court to order the Trustee to pay it as adequate protection a pro rata share of the funds he had on hand, and then to disallow the remainder of its claim. The Creditor further sought to reserve the right to make an unsecured claim for any deficiency balance that might remain after the Home was liquidated.

On October 28, 2011, the Debtors filed a motion to modify their plan to abate their plan payments through February 28, 2012, because the Debtor-husband's unemployment benefits had run out and a claim he was making for workers compensation benefits was being contested. No objections were filed, and the motion was granted. Later, in February 2012, the Debtors filed a motion to modify their plan to reflect their surrender of the Home and to eliminate the Creditor as a secured creditor to be paid under the plan. The Trustee filed an objection, and that matter is still pending.

Due to a mixup, the Trustee's objection to the Creditor's claim was orally granted at a hearing on the objection. The Creditor filed a motion to reconsider and, with the

4

Trustee's consent, the matter was set for hearing on February 17, 2012. At that time, the Court heard arguments and took the matter under advisement. The Trustee represented to the Court that the Debtors' plan will not provide anything to their unsecured creditors, but will at most pay the two debts secured by their vehicles, their attorney fees, and the Trustee's percentage fee.

The Court has carefully reviewed the Creditor's pleadings, including its proof of claim, its objection to the Debtors' plan, its motion for stay relief, its response to the Trustee's objection to its claim, and its motion to reconsider the oral order granting that objection, and has found no assertion that any part of the Creditor's security interest in the Debtors' Home is a purchase money security interest. At the hearing on February 17, the Creditor's counsel did not allege that the Creditor's claim was a purchase money security interest.

**Discussion**

**a. Adequate Protection under §§ 361, 362, and 363.**

When the Debtors filed their Chapter 13 petition, § 362(a) of the Bankruptcy Code imposed a stay that prevented the Creditor from enforcing its lien on their Home. Section 362(d) provides, in relevant part, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay — (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." Since the Debtors were originally proposing to use the Home by continuing to

5

live in it, § 363(e) is relevant here and it provides, "[A]t any time, on request of an entity that has an interest in property used . . . by the trustee, the court, with or without a hearing, shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest."[1]  But the Creditor did not ask for adequate protection until after the Debtors had surrendered the Home.  At least one court, in *Best Products*, has held that a creditor was not entitled to adequate protection payments under § 363(e) where it did not move to prohibit or condition the debtor's use of its collateral before it reacquired possession of the collateral.[2]

Courts are divided on the question whether the value that is to be adequately protected is the value of the creditor's interest as of the date of the bankruptcy petition, or the date the creditor asks for adequate protection,[3] although most of the decisions awarding adequate protection payments for the period before the request are now twenty or more years old.  The Court has found no Tenth Circuit, Tenth Circuit BAP, or District of Kansas opinions addressing the question.

Courts reaching the conclusion that adequate protection is not required until the creditor asks for it have pointed out that § 362(d)(1) and § 363(e) require the creditor to ask for adequate protection in order to get it, except when the trustee or debtor wants to

---

[1] 11 U.S.C. § 1303 gives Chapter 13 debtors the right and power to use property under § 363(e).

[2] *In re Best Prods. Co.*, 138 B.R. 155 (Bankr. S.D.N.Y.), *aff'd* 149 B.R. 346 (S.D.N.Y. 1992).

[3] 3 *Collier on Bankruptcy*, ¶ 361.02[3] (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2011).

6

use cash collateral, in which case § 363(c)(2) forbids the use unless the secured creditor consents or the court approves the use.[4] A leading bankruptcy treatise says, "The text of the Bankruptcy Code seems to support the view that protection is provided only from the date of the request."[5] Furthermore, a debtor's use of property that secures a claim does not necessarily cause the value of that property to go down. As the *Best Products* court said, by asking for adequate protection, the creditor shows it is concerned the value of its collateral is declining, and forces the debtor to decide whether to avoid paying adequate protection by surrendering the collateral to the creditor, or to provide adequate protection so it can continue to use the property.[6] This Court agrees that a rule requiring a creditor to ask for adequate protection before it can get it is more appropriate than a rule that such protection must be paid retroactive to the date the bankruptcy petition was filed, no matter when the creditor asked for it.[7]

---

[4]*E.g., In re Sharon*, 234 B.R. 676, 683-85 (6th Cir. BAP 1999); *In re Kain*, 86 B.R. 506, 512 (Bankr. W.D. Mich. 1988); *cf. In re Robinson*, 225 B.R. 228, 233-34 (Bankr. N.D. Okla. 1998) (after-the-fact request for allowance of administrative expense under § 503(b) based on depreciation of collateral is not a substitute for timely adequate protection request).

[5]3 *Collier on Bankruptcy*, ¶ 361.02[3].

[6]138 B.R. at 158.

[7]The Court recognizes, but rejects the reasoning of courts that allow adequate protection to be awarded retroactively to a date before it was requested. *See, e.g., In re Big3D*, 438 B.R. 214, 227-29 (9th Cir. BAP, *en banc*) (noting growing trend to award adequate protection only from creditor's request forward, but retaining rule of prior case that bankruptcy court should determine when creditor would have obtained state law remedies but for bankruptcy, and then exercise discretion based on circumstances of case to fix adequate protection); *In re Craddock-Terry Shoe Corp.*, 98 B.R. 250 (Bankr. W.D. Va. 1988) (concluding granting adequate protection only from date of request forward would force creditors to rush to court to seek it and interrupt breathing space debtors normally enjoy, and would not protect against all postpetition decreases in value caused by automatic stay);

7

The Creditor suggested it should receive a pro rata share of the Debtors' pre-confirmation plan payments because that is what it would have received if its own objection had not delayed the confirmation of the Debtors' plan until after they surrendered the Home. But if the Debtors' plan had not been confirmed and the case had been dismissed, the pre-confirmation payments the Debtors made would have been used only to pay administrative expenses, with any remaining balance being returned to them, not paid to their creditors.[8] With respect to the Creditor's secured claim, the Debtor's surrender of the Home was equivalent to a dismissal of the case before plan confirmation. There is no reason why the Creditor's secured claim should receive better treatment than it would have if confirmation had been denied and the case had been dismissed.

**b. Adequate Protection under § 1326(a)(1)(C).**

At the February 17 hearing, the Creditor's counsel pointed out that a pre-plan-confirmation adequate protection requirement had been added to Chapter 13 in 2005. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended § 1326(a)(1) to provide, as relevant here:

> Unless the court orders otherwise, the debtor shall commence making payments no later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount —
>
> (A) proposed by the plan to the trustee;
>
> . . . ;

---

[8]*See* § 1326(a)(2).

8

> (C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment

In the leading treatise on Chapter 13, the authors identify a variety of difficulties that arise when trying to understand and apply new subsection (C).[9] However, the Court need not grapple with those difficulties in this case. A careful reading of § 1326(a)(1)(C) makes clear that it requires pre-confirmation adequate protection payments only for the purchase-money portion of a secured claim. The Creditor has neither alleged nor established that any portion of its claim is a purchase-money claim. Consequently, the Creditor has failed to show that its secured claim is covered by this new requirement. In this case, no adequate protection payments are required by § 1326(a)(1)(C).

**Conclusion**

For these reasons, the Court concludes the Creditor has not established any basis for it to be awarded adequate protection from the plan payments the Debtors made to the Trustee before they surrendered the Home to the Creditor. The Creditor's request for adequate protection is therefore denied.

# # #

---

[9] Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy*, § 401.1 at ¶¶ 2-26 & § 404.1 at ¶¶ 3-24 (4th ed., section revised July 27, 2007), available at www.Ch13online.com.